ORDERED.

**Dated: February 19, 2026**

Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

William Paul DeBoskey,

Debtor(s).

Case No. 8:25-bk-07792-RCT
Chapter 13

______________________________/

William Paul DeBoskey,

Plaintiff,

v.

Red Stick Acquisitions, LLC, et al.,

Defendants.

Adv. No. 8:25-ap-00382-RCT

______________________________/

**ORDER (I) GRANTING RENEWED MOTION TO DISMISS OR ABSTAIN AND (II) ABSTAINING FROM CONSIDERATION OF THE ADVERSARY COMPLAINT**

**THIS PROCEEDING** was considered on February 18, 2026 (the "Hearing"), upon Renewed Motion to Dismiss or Abstain (Doc. 12) (the "Motion") filed by Defendant Red Stick Acquisitions, LLC ("Red Stick") and the response to the Motion (Doc. 30) filed by Plaintiff-Debtor William Paul DeBoskey ("Mr. DeBoskey"). In its Motion, Red Stick argues, first, that the Court must mandatorily abstain from hearing this adversary proceeding pursuant to 28 U.S.C. § 1334(c)(2) and, in the alternative, asks that the Court permissibly abstain under

28 U.S.C. § 1334(c)(1). At the Hearing, counsel for Red Stick withdrew its request for mandatory abstention under 28 U.S.C. § 1334(c)(2). Accordingly, the Hearing on the Motion went forward only as to Red Stick's request that the Court permissibly abstain under 28 U.S.C. § 1334(c)(1).

Section 1334(c)(1) provides for permissive abstention, and states:

> [N]othing in this section prevents a [bankruptcy] court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Unlike mandatory abstention under § 1334(c)(2), permissive abstention applies to both core and non-core proceedings.[1] To determine whether permissive abstention is appropriate, the Court considers several factors.[2] These are:

> (1) the effect, or lack of effect, on the efficient administration of the bankruptcy estate if discretionary abstention is exercised,
>
> (2) the extent to which state law issues predominate over bankruptcy issues,
>
> (3) the difficulty or unsettled nature of the applicable state law,
>
> (4) the presence of related proceedings commenced in state court or other nonbankruptcy courts,
>
> (5) the jurisdictional basis, if any, other than § 1334,
>
> (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case,
>
> (7) the substance rather than the form of an asserted "core" proceeding,
>
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,
>
> (9) the burden on the bankruptcy court's docket,
>
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties,

---

[1] *See, e.g.*, *Siewe v. Locci (In re Siewe)*, 730 F. App'x 871, 877 & n.1 (11th Cir. 2018).

[2] *See, e.g.*, *McAnally v. Specialized Loan Servicing (In re McAnally)*, Adv. No. 8:19-AP-00546-RCT, No. 8:19-bk-00132-RCT, 2020 WL 7333589, at *6 (Bankr. M.D. Fla. Dec. 2, 2020); *In re Orlando Gateway Partners, LLC*, 555 B.R. 848, 853 (Bankr. M.D. Fla. 2016).

(11) the existence of a right to jury trial,

(12) the presence in the proceeding of non-debtor parties,

(13) comity, and

(14) the possibility of prejudice to other parties in the action.[3]

The abstention factors "should be applied flexibly, based on the circumstances of the case, and the presence [or absence] of any one factor is not determinative of whether permissive abstention should be granted."[4]

Having reviewed the allegations and claims asserted in the Complaint and the file in the underlying Chapter 13 bankruptcy case including Debtor's Second Amended Plan[5] and further having considered the statements and arguments of the parties at the Hearing, the Court, for the reasons stated on the record, finds that permissive abstention under § 1334(c)(1) is appropriate. Of the relevant abstention factors to be considered, the Court finds that the predominance of state law issues, the pendency and lengthy history of the parties' state court foreclosure action (not to mention Mr. DeBoskey's parallel state court quiet title action), the likelihood that the commencement of this proceeding involved (at least to some degree) forum shopping by Mr. DeBoskey, the lack of effect on the administration of the underlying bankruptcy case should the Court abstain as a result of Mr. DeBoskey's decision not to effectively treat Red Stick in his proposed plan,[6] and comity with the state foreclosure court, which the Court understands is primed to rule on summary judgment, all weigh heavily in favor of abstention. The Court therefore abstains from any consideration of Mr. DeBoskey's

---

[3] *In re McAnally*, 2020 WL 7333589, at *6–*7 (quoting *E.S. Bankest, LLC v United Beverage Fla., LLC (In re United Container LLC)*, 284 B.R. 162, 176–77 (Bankr. S.D. Fla. 2002) (listing cases)).

[4] *In re Sierra Transit Mix, Inc.*, No. 11-07-12887 MS, 2008 WL 131240, at *3 (Bankr. D. N.M. Jan. 9, 2008).

[5] Case No. 8:25-bk-07792-RCT, Doc. 81.

[6] Debtor's Second Amended Plan does not provide any real treatment for Red Stick's claim other than to provide for a nominal claim reserve (and a wholly insufficient one would Debtor fail to prevail). Further, this nominal treatment of Red Stick's claim seems calculated solely to bring Red Stick back under the auspices of the automatic stay, which had lifted given that Mr. DeBoskey's prior plans did not provide for Red Stick's claim other than to say the claim is disputed.

adversary complaint.

As stated at the Hearing, given the Court's decision to permissively abstain, the Court finds that it must modify the automatic stay arising under 11 U.S.C. § 362(a) in the underlying bankruptcy to allow the parties to return to state court to pursue their respective claims and defenses respecting not only Red Stick's state court foreclosure action but also Mr. DeBoskey's state court quiet title action. This modification of the automatic stay necessarily includes allowance for any appeals that might flow from either state court action.

It is therefore **ORDERED AND ADJUDGED**:

1. The Motion (Doc. 12) is **GRANTED as provided below**.

2. The Court hereby permissibly **ABSTAINS**, pursuant to 28 U.S.C. § 1334(c)(1), to hear this adversary proceeding. The Complaint (Doc. 1) is dismissed without prejudice and with all rights preserved, and the Clerk is directed to proceed to close this case.

3. The Court also hereby modifies the automatic stay in the underlying bankruptcy to permit the parties to return to state court with respect to both Red Stick's state court foreclosure action and Mr. DeBoskey's state court quiet title action, including any appeals. For clarity of the record, the Clerk is directed to enter a copy of this Order on the docket in the Chapter 13 proceedings.

Attorney Brian K McMahon is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and to file proof of service within three days of its entry.